# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

James David Kline,

        Plaintiff,

v.

City of Tucson, et al.,

        Defendant.

No. CV-26-00018-TUC-JGZ (JR)_

**REPORT & RECOMMENDATION**

Pro Se Plaintiff James David Kline has filed a Complaint (Doc. 1) and an Application for Leave Motion to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (Doc. 2). This matter has been referred to the undersigned for Report and Recommendation. (Doc. 8.) As set forth below, the Magistrate Judge recommends that the district court grant Plaintiff's IFP Application (Doc. 2) and dismiss Plaintiff's Complaint (Doc. 1) with leave to amend.

## I.     Application to Proceed In Forma Pauperis

A party who files an action in federal district court must generally pay a filing fee. 28 U.S.C. § 1914(a). Indigent plaintiffs, however, may apply for a fee waiver. 28 U.S.C. § 1915. A court must determine whether the litigant is unable to pay the filing fee before granting leave to proceed in forma pauperis ("IFP"). See § 1915(a)(1). The Court may grant IFP status if the supporting affidavit shows the party cannot, because of her poverty, pay or give security for fees and "still be able to provide [herself] and [her] dependents with

the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted)

Plaintiff has submitted an IFP Application and states under the penalty of perjury that he has insufficient funds to pay the filing fee for this action. (Doc. 3.) Upon review of Plaintiff's IFP Application and the attached statement of income, assets, and expenses, this Court recommends that the district court grant Plaintiff's IFP Application.

## II.   Statutory Screening of In Forma Pauperis Complaints

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the district court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief maybe granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)."Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681.

The district court must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d

338, 342 (9th Cir. 2010). A "complaint [filed by a pro se individual] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). If the district court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

### III.    Discussion

Plaintiff brings a 42 U.S.C. § 1983 claim against the City of Tucson pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). (Doc. 1 at 5.) Plaintiff alleges that the City of Tucson violated his Fourteenth Amendment rights guaranteed to him under the constitution by forcing Plaintiff to use a "pre-printed waiver form governing misdemeanor criminal proceedings." (Doc. 1 at 4.) Plaintiff alleges that the pre-printed waiver "treated the absence of legal counsel as a voluntary waiver, regardless of whether the defendant affirmatively consented to proceed under such conditions." (*Id*.) Plaintiff asserts that he expressly objected to the waiver and "did not consent to waive his right to a fair and reliable adjudication." (*Id*. at 4-5.) Plaintiff alleges that despite his objection, the City of Tucson proceeded "without corrective action or structural safeguard," violating his Fourteenth Amendment due process rights. (*Id*. at 5.) Plaintiff asserts that he was then subjected to a "structurally unfair proceeding." (*Id*. at 6.)

Plaintiff asserts that Defendant City of Tucson maintains the policies, customs, or practices and that such policies were the moving force behind the deprivation of his Fourteenth Amendment rights. (*Id*.) Plaintiff further alleges that the City of Tucson acted with deliberate indifference to "the obvious risk that such policies would result in unreliable adjudications and constitutional injury." (*Id*.)

### A.    Statute of Limitations for 42 U.S.C. § 1983 Claims

"Section 1983 does not contain its own statute of limitations." *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014). Instead, federal courts "apply the forum state's statute of limitations for personal injury actions, along with the

forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (internal quotations omitted); *see also Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir.2009) ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling."). "In Arizona, the two-year statute of limitations for personal injury claims applies to § 1983 claims." *Morgan v. Cochise Cnty. Bd. of Supervisors,* 487 F. Supp. 3d 789, 795 (D. Ariz. 2020), aff'd, 859 F. App'x 214 (9th Cir. 2021); *see also* A.R.S. § 12-542.

Here, Plaintiff has failed to assert when any of the events relevant to the alleged constitutional violation occurred and thus fails to establish such conduct occurred within the applicable statute of limitation. (*See* Doc. 1.) As discussed below, the undersigned recommends the district court grant Plaintiff leave to file an amended complaint. If Plaintiff files an amended complaint, he must allege the dates on which the relevant events occurred.

## B.    *Monell* Claim

"The right to a fair trial is a fundamental liberty." *Estelle v. Williams*, 425 U.S. 501, 503 (1976). "It is inferred from the Sixth Amendment to the United States Constitution…[which] is, of course, binding upon the States through the due process clause of the Fourteenth Amendment." *Norris v. Risley*, 918 F.2d 828, 830 (9th Cir. 1990).

"Pursuant to 42 U.S.C. § 1983, a local government may be liable for constitutional torts committed by its officials according to municipal policy, practice, or custom." *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1028 (9th Cir. 2000) (citing *Monell*, 436 U.S. 658, 690-91 (1978)). The Ninth Circuit has broken this standard into four requirements that a plaintiff must show to impose municipal liability under § 1983: "(1) that the plaintiff possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (alterations and internal quotation marks omitted); *see also City of Canton v. Harris*, 489

U.S. 378, 388-89 (1989).

Here, Plaintiff's Complaint meets the first element by alleging that he was deprived of the Fourteenth Amendment right to a fair trial. (Doc. 1, ¶¶ 1, 15, 17, 21.) Plaintiff meets the second element through his allegation that such deprivation was caused by a municipal policy of the City of Tucson, namely, the use of a mandatory pre-printed waiver form. (*Id.*, ¶¶ 6-8, 17-18.) Plaintiff meets the third element by alleging the City of Tucson's policy "amounts to deliberate indifference" to his constitutional rights, (*Id.*, ¶¶ 9-11, 20.) Finally, the Complaint meets the fourth element by alleging the City of Tucson's policy was the moving force behind the constitutional violation. (*Id.*, ¶ 19.) Accordingly, construing Plaintiff's pro se complaint liberally, the complaint states a claim under *Monell*.

## IV.   Leave to Amend

As the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id*. (citation omitted). If the Court determines a pleading could be cured by alleging additional facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127–29; *Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (stating the court will give a plaintiff the opportunity to cure the complaint's deficiencies by amendment unless it is "absolutely clear" she could not do so).

As discussed, Plaintiff has not alleged that the asserted constitutional violation occurred within the statute of limitations. Because Plaintiff may be able to cure the Complaint's deficiencies by amendment, this Court recommends the district court give him the opportunity to do so. *See Jackson*, 749 F.3d at 767; *see also Lopez*, 203 F.3d at 1130 (holding a pro se litigant must be given leave to amend her complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint (quoting *Balistreri*, 901 F.2d at 701)).

//

- 5 -

**RECOMMENDATION**

The Magistrate Judge **RECOMMENDS** that the district court, after its independent review, issue an order **ADOPTING** this Report and Recommendation, **GRANTING** the Plaintiff's IFP Application (Doc. 2), and **DISMISSING** the Complaint (Doc. 1) with leave to amend.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply shall be filed unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). If objections are filed, the parties should use the following case number: **4:26-cv-18-JGZ**.

Dated this 9th day of April, 2026.

Honorable Jacqueline M. Rateau
United States Magistrate Judge

- 6 -