**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James David Kline, | No. CV-26-00018-TUC-JGZ (JR) |
| Plaintiff, | **REPORT & RECOMMENDATION** |
| v. | |
| City of Tucson, et al., | |
| Defendants. | |

Pending before the Court is Pro Se Plaintiff James David Kline's Emergency Motion for Temporary Restraining Order and Request for Preservation of Evidence to Protect Litigation Integrity. (Doc. 21.) This matter is referred to United States Magistrate Judge Jacqueline Rateau for Report and Recommendation pursuant to Local Rule 72.1 and 72.2 of the Local Rules of Civil Procedure. (Doc. 12.) As more fully set forth below, the undersigned recommends that the district court, after its independent review, deny the Motion.

I.      **Background**

On January 8, 2026, the Plaintiff filed his original complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs. (Docs. 1, 2.) On April 9, 2026, the undersigned issued a Report and Recommendation (R&R) recommending the district court grant Plaintiff in forma pauperis (IFP) status and dismiss the Complaint with leave to amend for failure to state a claim in accordance with 28 U.S.C. § 1915(e)(2).[1] (Doc. 13.)

_____

[1] Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the district court shall dismiss the case "if the court determines that

On April 23, 2026, prior to the district court ruling on the R&R, Plaintiff filed his First Amended Complaint. (Doc. 16.) On April 27, 2026, the district court accepted and adopted in full the R&R, dismissing the Plaintiff's original Complaint and granting Plaintiff IFP status. [2] (Doc. 15.)

### A. First Amended Complaint

Plaintiff's FAC alleges five counts against the defendants for violation of his substantive due process rights, his First, Fourth, Sixth, and Fourteenth Amendment rights, and a *Monell* claim against the City of Tucson. (Doc. 16 at 10-12.) In Count I, Plaintiff claims that Defendants Maldonado, D'Arquea, Arevello, and Cuezas "acted in concert to execute a Predetermined Adjudication" to violate Plaintiff's procedural due process in violation of 42 U.S.C. §§ 1983 and 1985. (*Id*. at 10-11.) In Count II, Plaintiff claims that the Defendants' violated 42 U.S.C. § 1983 through the "willful defiance of 50-year narrowing construction…to criminalize protected expression constitutes [which] an arbitrary abuse of power that shocks the conscience" and violates his Fourteenth and First Amendment rights. (*Id*. at 11.) In Count III, Plaintiff claims that his Sixth and Fourteenth Amendment rights were violated because "Defendant D'Arquea's injection of moral turpitude elevated the offense to serious[,]" and "Defendant Maldonado willfully denied court-appointed counsel to prevent interference with the Predetermined Adjudication." (*Id*.) In Count IV, Plaintiff claims that his Fourth Amendment rights were violated when "Defendants Stout and Sublette coordinated their physical movements to perform a warrantless search[,]" and "[Defendant] Stout…manipulated his [Body Worn Camera] to obstruct the forensic record." (*Id*. at 12.) In Count V, Plaintiff asserts municipal liability against Defendant City of Tucson under *Monell* alleging the City "ratified the unconstitutional customs and conspiracy. (*Id*.) For relief, Plaintiff asks for compensatory damages, punitive damages, restorative injunctive relief "for full restoration , including a

---

. . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief maybe granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

[2] Because Plaintiff has been granted IFP status, this court must also screen Plaintiff's FAC. Accordingly, the FAC has not yet been served on the Defendants.

new residential structure and remediation of the park environment," global injunctive relief "enjoining operation of the Tucson City Court and City Attorney's Office until they demonstrate a verified, constitutional procedural architecture," and declaratory relief "declaring the conspiracy and constitutional violations as a matter of law." (*Id*. at 14-15.)

### B.  Motion for Temporary Restraining Order

On May 1, 2026, Plaintiff filed the immediate Emergency Motion for Temporary Restraining Order and Request for Preservation of Evidence to Protect Litigation Integrity. (Doc. 21.) In his Motion, Plaintiff alleges that after filing the immediate lawsuit he has observed "constant physical surveillance at his residence…by a gray Dodge Durango with blacked-out windows." (Doc. 21 at 1.) Plaintiff further alleges his "mobile phone contains the primary evidence of the state-level irregularities, including audio records." (*Id*.) Plaintiff asserts that he fears arrest or seizure intended to compromise such evidence in his possession. (*Id*.) Accordingly, Plaintiff requests the district court issue a temporary restraining order (TRO) to (1) "Prohibit[] further surveillance or harassment of Plaintiff;" (2) "Restrain Defendants from searching, seizing, or interfering with Plaintiff's mobile phone;" and (3) "preserv[e] all CAD logs, GPS data, and communications related to surveillance of Plaintiff's residence." (Doc. 21 at 2.)

### II.    Legal Standard – Temporary Restraining Order

A party seeking preliminary injunctive relief under Federal Rule of Civil Procedure 65 must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the standard for issuing a preliminary injunction is substantially identical to the standard for issuing a TRO). The balance of equities and public interest factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

However, the Ninth Circuit has explained that "there must be a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself" for a district court to have the authority to grant the relief requested. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.' " *Id*. (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Though new assertions of misconduct might support additional claims against a defendant, they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint." *Id*. (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).

**III.   Discussion**

As described above, Plaintiff's Motion requests the Court issue an order: (1) "Prohibiting further surveillance or harassment of Plaintiff;" (2) "[restraining] Defendants from searching, seizing, or interfering with Plaintiff's mobile phone;" and (3) "preserving all CAD logs, GPS data, and communications related to surveillance of Plaintiff's residence." (Doc. 21 at 2.) Because the relief requested here is not "of the same character" as the relief requested in the FAC—but instead asserts new misconduct on behalf of the Defendants—there is not therefore a "sufficient nexus" as a matter of law for the district court to have the authority to grant such relief. *See Pac. Radiation Oncology, LLC*, 810 F.3d at 636-37. Accordingly, the undersigned recommends the district court deny the Motion with prejudice.

**RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the district court, after its independent review, enter an order **ADOPTING** this Report and Recommendation and **DENYING** Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. 21).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file

written objections within **fourteen days** of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply shall be filed unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to de novo consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). If objections are filed, the parties should use the following case number: CV-26-18-TUC-JGZ.

Dated this 4th day of May, 2026.

Honorable Jacqueline M. Rateau
United States Magistrate Judge