IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James David Kline, | No. CV-26-00018-TUC-JGZ (JR) |
| Plaintiff, | **REPORT & RECOMMENDATION** |
| v. | |
| City of Tucson, et al., | |
| Defendants. | |

Pending before the Court is Pro Se Plaintiff James David Kline's Emergency Motion for Temporary Restraining Order, Order to Show Cause, and Memorandum Regarding Record Sufficiency and Immunity. (Doc. 27.) This matter is referred to United States Magistrate Judge Jacqueline Rateau for Report and Recommendation pursuant to Local Rule 72.1 and 72.2 of the Local Rules of Civil Procedure. (Doc. 12.) As more fully set forth below, the undersigned recommends that the district court, after its independent review, deny the Motion.

I.    **Background**

On January 8, 2026, the Plaintiff filed his original complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs. (Docs. 1, 2.) On April 9, 2026, the undersigned issued a Report and Recommendation (R&R) recommending the district court grant Plaintiff in forma pauperis (IFP) status and dismiss the Complaint with leave to amend for failure to state a claim in accordance with 28 U.S.C. § 1915(e)(2).[1] (Doc. 13.)

---

[1] Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the district court shall dismiss the case "if the court determines that

On April 23, 2026, prior to the district court ruling on the R&R, Plaintiff filed his First Amended Complaint. (Doc. 16.) On April 27, 2026, the district court accepted and adopted in full the R&R, dismissing the Plaintiff's original Complaint and granting Plaintiff IFP status.[2] (Doc. 15.)

On May 23, 2026, the Plaintiff filed a Motion for Leave to File a Second Amended Complaint (Doc. 26) and a Motion for Temporary Restraining Order, Order to Show Cause, and Memorandum Regarding Record Sufficiency and Immunity ("TRO"). (Doc. 27). Attached as an exhibit to the Motion for Leave to File a Second Amended Complaint is Plaintiff's proposed SAC. (Doc. 26-1.) Because Plaintiff has not yet filed the proposed SAC on the docket, the Court will analyze the TRO in the context of both the FAC and the proposed SAC.

### A. First Amended Complaint

In the FAC, Plaintiff alleges five counts against the defendants for violation of his substantive due process rights, his First, Fourth, Sixth, and Fourteenth Amendment rights, and a *Monell*[3] claim against the City of Tucson. (Doc. 16 at 10-12.) In Count I, Plaintiff claims that Defendants Maldonado, D'Arquea, Arevello, and Cuezas "acted in concert to execute a Predetermined Adjudication" to violate Plaintiff's procedural due process in violation of 42 U.S.C. §§ 1983 and 1985. (*Id.* at 10-11.) In Count II, Plaintiff claims that the Defendants' violated 42 U.S.C. § 1983 through the "willful defiance of 50-year narrowing construction…to criminalize protected expression constitutes [which] an arbitrary abuse of power that shocks the conscience" and violates his Fourteenth and First Amendment rights. (*Id.* at 11.) In Count III, Plaintiff claims that his Sixth and Fourteenth Amendment rights were violated because "Defendant D'Arquea's injection of moral turpitude elevated the offense to serious[,]" and "Defendant Maldonado willfully denied court-appointed counsel to prevent interference with the Predetermined Adjudication."

. . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief maybe granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

[2] Because Plaintiff has been granted IFP status, this court must also screen Plaintiff's amended complaints. Accordingly, no complaint has yet been served on the Defendants.
[3] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 667 (1978)

(*Id*.) In Count IV, Plaintiff claims that his Fourth Amendment rights were violated when "Defendants Stout and Sublette coordinated their physical movements to perform a warrantless search[,]" and "[Defendant] Stout…manipulated his [Body Worn Camera] to obstruct the forensic record." (*Id*. at 12.) In Count V, Plaintiff asserts municipal liability against Defendant City of Tucson under *Monell* alleging the City "ratified the unconstitutional customs and conspiracy. (*Id*.) For relief, Plaintiff asks for compensatory damages, punitive damages, restorative injunctive relief "for full restoration , including a new residential structure and remediation of the park environment," global injunctive relief "enjoining operation of the Tucson City Court and City Attorney's Office until they demonstrate a verified, constitutional procedural architecture," and declaratory relief "declaring the conspiracy and constitutional violations as a matter of law." (*Id*. at 14-15.)

### B.  Proposed Second Amended Complaint

In the proposed SAC alleges five new counts against the defendants. In Count I, Plaintiff alleges Defendants Maldonado, Klotz, Metcalf, Arevello, and City of Tucson violated his due process rights in violation of 42 U.S.C. § 1983 "through a sequence in which punishment was recorded without completed adjudicative predicates and an extrajudicial condition was incorporated into the written sentencing record, in a proceeding Plaintiff alleges was conducted outside the lawful reach of A.R.S. § 13-2904 as narrowed by controlling Arizona authority." (Doc. 26-1 at 47.)

In Count II, Plaintiff alleges all Defendants violated 42 U.S.C. § 1985 by "act[ing] in concert to obstruct justice and deprive the Plaintiff of equal protection." Plaintiff alleges the Defendants' "[o]vert acts include the creation of the police narrative, the continuation of the prosecution despite the body-worn-camera evidence, the generation of punishment records with incomplete adjudicative predicates, the inclusion of an unpronounced condition, the post-divestment alteration of the record, and the submission of the 'Honorable Division' document." (Doc. 26-1 at 47-48.) Plaintiff further alleges that Defendant Arizona Commission on Judicial Conduct ("ACJC") ratified the actions of the other defendants by failing to act. (*Id*. at 48.)

In Count III, Plaintiff alleges Defendant ACJC was negligent under 42 U.S.C. § 1986 by failing to prevent the conspiracy contemplated in Count II. (*Id*.) Plaintiff alleges the ACJC "possessed the power and the duty to prevent or aid in preventing the continuation of the constitutional injuries" but "[d]espite receiving formal notice via 'Regina's Packet' and related documentation, they neglected or refused to exercise their authority to intervene." (*Id*.)

In Count IV, Plaintiff asserts municipal liability against Defendant City of Tucson under *Monell* alleging that the constitutional depravations which he alleges he suffered "resulted from municipal policies, customs, practices, ratification, and failures of training and supervision…and that these customs were the moving force behind his injuries." (*Id*. at 48-49.)

In Count V, Plaintiff seeks "prospective relief" against the State of Arizona "solely for purposes of prospective declaratory and injunctive relief through its responsible officials." (*Id*. at 49.)

**C. Motion for Temporary Restraining Order**

On June 23, 2026, Plaintiff filed the immediate Emergency Motion for Temporary Restraining Order and Request for Preservation of Evidence to Protect Litigation Integrity. (Doc. 27.) In his Motion, Plaintiff requests the Court issue an order barring the Defendants from: (1) "Arresting, detaining, or initiating any new criminal action against Plaintiff that employs the same narrative framework, the same actors, or the same institutional sequence documented in the self-authenticating record of CM25002372[;]" (2) "Taking any new enforcement action that derives from or relies upon the conviction and sentence in CM25002372[;]" (3) "Generating, amending, supplementing, or altering the record of CM25002372 outside the lawful authority of the court with jurisdiction over that record[;]" (4) "Engaging in or facilitating the prospective categories of conduct identified in the Prayer for Relief of the Verified Second Amended Complaint[;]" and (5) "Seizing, searching, accessing, copying, or compelling the surrender of Plaintiff's electronic devices[.]" (*Id*. at 3-5.)

**II.    Legal Standard – Temporary Restraining Order**

A party seeking preliminary injunctive relief under Federal Rule of Civil Procedure 65 must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the standard for issuing a preliminary injunction is substantially identical to the standard for issuing a TRO). The balance of equities and public interest factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

However, the Ninth Circuit has explained that "there must be a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself" for a district court to have the authority to grant the relief requested. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.' " *Id*. (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Though new assertions of misconduct might support additional claims against a defendant, they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint." *Id*. (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).

**III.    Discussion**

As described above, Plaintiff's Motion requests the Court issue an order prohibiting the Defendants from (1) "Arresting, detaining, or initiating any new criminal action against Plaintiff that employs the same narrative framework, the same actors, or the same institutional sequence documented in the self-authenticating record of CM25002372[;]" (2) "Taking any new enforcement action that derives from or relies upon the conviction

and sentence in CM25002372[;]" (3) "Generating, amending, supplementing, or altering the record of CM25002372 outside the lawful authority of the court with jurisdiction over that record[;]" (4) "Engaging in or facilitating the prospective categories of conduct identified in the Prayer for Relief of the Verified Second Amended Complaint[;]" and (5) "Seizing, searching, accessing, copying, or compelling the surrender of Plaintiff's electronic devices[.]" (Doc. 27 at 3-5.)

Here, the Plaintiff is asking for "a remedy that will not be provided if [Plaintiff] succeeds in [his] underlying [suit]." *Pac. Radiation Oncology, LLC*, 810 F.3d at 637. Accordingly, the relief requested is not "of the same character" as the relief requested in the FAC nor the proposed SAC, and therefore there is not therefore a "sufficient nexus" as a matter of law for the district court to have the authority to grant such relief. *See Id.* 636-37. As such, the undersigned recommends the district court deny the Motion with prejudice.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## RECOMMENDATION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the district court, after its independent review, enter an order **ADOPTING** this Report and Recommendation and **DENYING** Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. 27).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within **fourteen days** of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply shall be filed unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to de novo consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). If objections are filed, the parties should use the following case number: CV-26-18-TUC-JGZ.

Dated this 29th day of June, 2026.

Honorable Jacqueline M. Rateau
United States Magistrate Judge

- 7 -